**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Anastasia Bejune

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANASTASIA BEJUNE, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**CASHCALL, INC.**,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1) **THE ELECTRONIC FUND TRANSFER ACT (15 U.S.C. §§ 1693,** *ET SEQ.***);**<br>2) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788,** *ET SEQ.***)**<br>3) **CALIFORNIA'S UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE. §§ 17200,** *ET SEQ.***);**<br>4) **CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT (CAL. CIV. CODE §§ 1750,** *ET SEQ.***); AND**<br>5) **NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. Plaintiff ANASTASIA BEJUNE ("Plaintiff"), individually and on behalf of all others similarly situated, bring this class action against Defendant CASHCALL, INC. ("CashCall" or "Defendant") for damages, injunctive relief, and any other available legal or equitable remedies, to protect California consumers, including Defendant's current and potential future customers, from injury as a result of Defendant's excessive and unconscionable interest rates, loan agreements, and lending policies, and to obtain restitution and recompense for consumers who are currently or previously were personal loan customers of Defendant.

3. Defendant's business model is to charge exorbitantly high and unconscionable interest rates, in violation of consumer protection statutes, including (1) The Electronic Fund Transfer Act, 15 U.S.C. §§ 1693, *et seq*.; (2) The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq.; (3) California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.; (4) California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq*.; and (5) Negligence. This conduct caused damages to Plaintiff and others similarly situated, and requires restitution and injunctive relief to remedy and prevent

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

further harm. Plaintiff seeks disgorgement of ill-gotten profits, statutory damages, punitive damages, public injunctive relief, and attorney's fees and costs.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant was knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §§ 1693, *et seq.* because this action arises from violations of federal law. In addition, this Court has supplemental jurisdiction over Plaintiff's state law and common law claims pursuant to 28 U.S.C. § 1367.

9. As mentioned above, this action arises out of Defendant's violations of (1) The Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693, *et seq.*; (2) The Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act" or "RFDCPA"), Cal. Civ. Code §§ 1788, *et seq.*; (3) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (4) The Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; and (5) Negligence.

10. Because Defendant is a California corporation and conducts business in the State of California, personal jurisdiction is established.

11. Venue is proper in the United States District Court for the Central District of

California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the city County of Huntington Beach, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    b) does substantial business within this district;

    c) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

    d) the harm to Plaintiff occurred within this district.

## PARTIES

12. Plaintiff is a natural person residing in the City of Huntington Beach, County of Orange, State of California. Plaintiff is a California consumer who borrowed money from Defendant in the County of Orange, State of California, for personal, family, or household purposes.  Accordingly, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).  Plaintiff is a person from whom Defendant, a debt collector, sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

13. Defendant is a corporation that is organized and exists under the laws of the State of California with a principal place of business located at 1 City Boulevard West, Suite 102, Orange, California 92868.

14. Defendant is a lender that offers high-interest unsecured personal loans ranging from $2,600 to $10,600 to qualified borrowers who typically use the loans for one-time purchases and debt consolidation, via the internet, phone, and fax, which are repaid to Defendant in monthly installments. Defendant's application process

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

"takes 5 minutes to complete"[2] and if approved, the funds are transferred to the borrower's account in as little as four (4) hours.[3]

15. Defendant offers California loans pursuant to California Department of Business Oversight Financing Law License 603-8780.  Defendant is licensed by the California Department of Corporations as a California Finance Lender subject to the Cal. Fin. Code §§ 22000, *et seq*.

16. Defendant was allegedly owed a monetary debt by Plaintiff, which makes Defendant a "creditor" under California Civil Code § 1788.2(i) of the RFDCPA. Defendant is one who regularly collects or attempts to collect, directly or indirectly, debts from its current and/or former members on Defendant's own behalf, and is therefore a "debt collector" within the meaning of California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6), and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

18. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendant provides loans to consumers, including to California consumers, who have limited credit opportunities and provides funding to consumers subject to loan terms that most consumers are unable to repay in full. The result of this practice is that the vast majority of the loans made by Defendant are essentially "interest only" loans which require consumers to pay Defendant extremely high

[2] https://www.cashcall.com/faq#A4
[3] https://www.cashcall.com/aboutus

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

interest charge for several years without any significant reduction in their loan balances, often subjecting these consumers to default and additional charges and penalties.

20. Defendant engages in widespread advertising and marketing via print media, internet advertisements, television, and radio, which is heavily aimed at financial strapped and financially desperate consumers who have limited credit alternatives and are financially unable to repay Defendant's loans within a reasonable time period without defaulting.  As the consumer's loan term progresses, Defendant reaps significant profits by collecting on its exorbitant interest rate and increases its customers' loan balances by tacking on fees such as late fees and insufficient fund charges (NSF fees), while consumers are unable to effectively decrease the principal balance on the loan. In turn, when a customer falls behind in payments, Defendant aggressively pursues coercive collection efforts, keeping the customer paying with no end in sight while forcing the consumer into greater debt as the consumer's loan balance continues to increase exponentially despite the consumer's payments.

21. The typical consumer is unlikely to be aware that the Annual Percentage Rate ("APR") charged by Defendant is excessive, unconscionable, and/or prohibited by California law.

22. Defendant lends to consumers over the internet via an application process that only "takes 5 minutes to complete," requiring consumers to apply for and execute loan documents electronically without providing the consumer the option paper applications or disclosures.

23. The CashCall Promissory Note and Disclosure Statement ("Promissory Note" or "Note") presented to and presented to Plaintiff and similarly situated consumers is a form document prepared exclusively by Defendant and offered on a take-it-or-leave-it basis. Given the disproportionate bargaining position of an ordinary consumer like Plaintiff and similarly situated consumers relative to Defendant,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

there is no opportunity for negotiation or explanation of the terms of the Note prior to obtaining the loan from Defendant.

24. The Promissory Note presented by Defendant to Plaintiff and similarly situated consumers is a contract of adhesion that is subject to heightened scrutiny under applicable California and federal law, because it was drafted by Defendant, the party in a position of superior bargaining strength, and it was imposed upon Plaintiff without the opportunity to negotiate any terms.

25. On or about January 29, 2018, Plaintiff was presented a Promissory Note and Disclosure by Defendant, which provided that Defendant would loan $3,025.00 to Plaintiff at an Annual Percentage Rate (APR) of 138.34%, resulting in a Finance Charge of $13,499.48 over the duration of the Note, ultimately requiring Plaintiff to repay a minimum of $16,524.48 for the loan of $3,025.00, assuming all payments were made according to the payment schedule prepared by Defendant.

26. These financial obligations that Plaintiff incurred to Defendant, the original creditor, were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(5).

27. Defendant intentionally made the terms of Plaintiff and similarly situated consumers' loans so onerous that they would be beyond any reasonable ability to repay the amount borrowed, as the Promissory Note required

28. Defendant swiftly presented the terms of the Promissory Note to Plaintiff online, viewable only via a computer screen, without clearly and conspicuously presenting the salient terms of the loan, and without any meaningful or reasonable opportunity for Plaintiff to review and negotiate the Note's terms. The Promissory Note was only provided to Plaintiff and similarly situated consumers upon the final signing. A reasonable consumer in a similar situation would not

understand the interest and penalty provisions by virtue of the method Defendant uses to present such provisions. Defendant's business practice is to present the information briefly and limited to the internet browser window on Plaintiff and similarly situated consumers' computer, tablet, and/or cellular telephone, intending to disguise the terms of Defendant's loans and depriving Plaintiff and similarly situated consumers of a fair opportunity to fully review the documents as a borrower ordinarily would be if presented with a loan application in a paper format.

29. Defendant's presentation of the Promissory Note and Disclosure Statement via the internet browser window on Plaintiff and similarly situated consumers' computer, tablet, and/or cellular telephone does not make clear or emphasize to Plaintiff and similarly situated consumers the amount of interest alone that the consumer is required to pay – which could be more than five times the amount of the loan the consumer receives from Defendant – or the length of the loan term and that the majority of the monthly payments required to be made to Defendant are effectively interest only, without any appreciable reduction of the principal amount of the loan until several years of payments have been made to Defendant.

30. Defendant's interest rates of 90% or more for Plaintiff and similarly situated consumers who took out loans from CashCall for the amount of $2,500 or more is overly harsh, unduly oppressive, unconscionable, and in violation of Cal. Civ. Code § 1670.5, Financial Code § 22302, and the UCL.

31. The Promissory Note presented to Plaintiff and similarly situated consumers one-sidedly provides only one method of payment, requiring Plaintiff and similarly situated consumers to pre-authorize automated clearinghouse (ACH) or electronic funds transfer (EFT) from the consumer's bank account on the due date assigned by Defendant. In addition, the Promissory Note presented to Plaintiff and similarly situated consumers specifies a day of the month when Defendant is allowed to make an electronic funds transfer from the consumer's account for the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1  monthly installment payment due on the Note.

2  32. By inserting the above-described provision in the Promissory Note, Defendant

3  engages and continues to engage in the business practice of conditioning the

4  extension of credit on the customer's repayment by means of preauthorized funds

5  transfers in violation of § 1693k(1) of the Electronic Funds Transfer Act (EFTA).

6  33. Through section 1693k(1) of the EFTA, Congress defined a specific right, which

7  was based on the risk of real harm, and thereby elevated a violation of that right

8  to legally cognizable injury. Specifically, EFTA guaranteed Plaintiff and similarly

9  situated consumers the right to choose their method of repayment to Defendant.

10  However, Defendant violated that right by requiring repayment by means of

11  preauthorized funds transfers in violation of § 1693k(1), providing no choice or

12  alternative, and thereby subjecting Plaintiff and similarly situated consumers to

13  the risks associated with EFT payments.

14  34. Despite the date specified on Plaintiff and similarly situated consumers'

15  Promissory Note, Defendant initiates and makes electronic funds transfers from

16  Plaintiff and similarly situated consumers' accounts of the monthly installment

17  amount and/or other fees and charges on different or later days of the month

18  during the same monthly cycle, on days that were not agreed to or authorized by

19  Plaintiff and similarly situated consumers.

20  35. By initiating EFTs from Plaintiff and similarly situated consumers' accounts on

21  varied days of the month, different than the date stated by Defendant in Plaintiff

22  and similarly situated consumers' Promissory Note, Defendant routinely engages

23  in the business practice of making unauthorized electronic funds transfers from

24  Plaintiff and similarly situated consumers' accounts as defined under § 1693a(12)

25  of the Electronic Funds Transfer Act (EFTA).

26  36. Defendant's pattern and practice of initiating and making unauthorized EFTs

27  from Plaintiff and similarly situated consumers' accounts on varied days of the

28  month results in subjecting Plaintiff and similarly situated consumers to

- 9 -

insufficient funds charges (NSF fees), late charges, and causes Plaintiff and similarly situated consumers to default on monthly payments, to Defendant's benefit as Defendant obtains the opportunity to compound these additional fees and add additional interest and finance charges to Plaintiff and similarly situated consumers' balance due on the Note.

37. In addition, as a result of Defendant illegally requiring preauthorized funds transfers as the means for repayment in its Promissory Note, and as a result of Defendant including an unlawful and unconscionable interest rate of 90% of higher in borrowers' Promissory Notes, Plaintiff and other similarly situated consumers have incurred and paid unnecessary fees and interest, and have suffered, and continue to suffer damages and injury in fact, including the loss of money and/or property.

38. By independently initiating EFTs from Plaintiff and similarly situated consumers' accounts on varied days of the month, different than the due date stated by Defendant in Plaintiff and similarly situated consumers' Promissory Note, and unfairly imposing late fees and NSF fees on Plaintiff and similarly situated consumers' accounts, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading misrepresentations or means in connection with the collection of a debt from Plaintiffs and similarly situated consumers. This section is incorporated in to the RFDCPA through Cal. Civ. Code § 1788.17; therefore, Defendant has also violated Cal. Civ. Code § 1788.17 of the RFDCPA.

39. Through the above-alleged conduct, Defendant also violated § 1692e(2)(A) by falsely representing the character, amount or legal status of a debt to Plaintiff and similarly situated consumers as Defendant independently initiated EFTs from Plaintiff and similarly situated consumers' accounts on dates different or later than the due date stated by Defendant in Plaintiff and similarly situated consumers' Promissory Note, and unfairly charged late fees and NSF fees on Plaintiff and similarly situated consumers' accounts which were not in fact late,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

as Defendant required preauthorized EFTs on the due date set by Defendant. This section is incorporated in to the RFDCPA through Cal. Civ. Code § 1788.17; therefore, Defendant has also violated Cal. Civ. Code § 1788.17 of the RFDCPA.

40. Through the above-alleged conduct, Defendant also violated § 1692e(2)(B) by falsely representing the services rendered or compensation which may lawfully be received by Defendant, as Defendant charged Plaintiff and similarly situated consumers unconscionable interest rates in violation of Cal. Fin. Code § 22303 and Cal. Civ. Code § 1670.5, as alleged in greater detail above. Further, Defendant charged Plaintiff and similarly situated consumers NSF fees and late fees which Defendant was not entitled to as Defendant independently initiated EFTs from Plaintiff and similarly situated consumers' accounts on varied days of the month, different and/or later than the due date stated by Defendant in Plaintiff and similarly situated consumers' Promissory Note, in order to unfairly and unlawfully impose late fees and NSF fees on Plaintiff and similarly situated consumers' accounts. This section is incorporated in to the RFDCPA through Cal. Civ. Code § 1788.17; therefore, Defendant has also violated Cal. Civ. Code § 1788.17 of the RFDCPA.

41. Through the above-alleged conduct, Defendant has used false representations or deceptive means to collect or attempt to collect a debt from Plaintiff and similarly situated consumers in violation of § 1692e(10). This section is incorporated in to the RFDCPA through Cal. Civ. Code § 1788.17; therefore, Defendant has also violated Cal. Civ. Code § 1788.17 of the RFDCPA.

42. Through the above-alleged conduct, Defendant charged Plaintiffs and similarly situated consumers illegal and unconscionable interest rates in violation of Cal. Fin. Code § 22303 and Cal. Civ. Code § 1670.5, as alleged in greater detail above, in violation of § 1692f(1), which prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating

the debt or permitted by law. This section is incorporated in to the RFDCPA through Cal. Civ. Code § 1788.17; therefore, Defendant has also violated Cal. Civ. Code § 1788.17 of the RFDCPA.

43. Through the above-alleged conduct, Defendant has used unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff and similarly situated consumers in violation of § 1692f. This section is incorporated in to the RFDCPA through Cal. Civ. Code § 1788.17; therefore, Defendant has also violated Cal. Civ. Code § 1788.17 of the RFDCPA.

44. When Plaintiff and similarly situated consumers' payment due on their loans was considered late by Defendant, despite Defendant having acquired required preauthorized funds transfers, without any choice or alternative, before extending credit to Plaintiff and similarly situated consumers, Defendant began harassing Plaintiff and similarly situated consumers by calling multiple times a day, calling Plaintiff and similarly situated persons' places of employment, communication with third parties, and aggressively demanding payment and subjecting Plaintiffs and similarly situated consumers to intimidation and harassment in order to coerce payment from Plaintiff and similarly situated consumers. Through this conduct, Defendant violated § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt from Plaintiff and similarly situated consumers. This section is incorporated in to the RFDCPA through Cal. Civ. Code § 1788.17; therefore, Defendant has also violated Cal. Civ. Code § 1788.17 of the RFDCPA.

45. Through the above-alleged conduct, Defendant has engaged in conduct which constitutes numerous violations of the RFDCPA, Cal. Civ. Code §§ 1788, *et seq.*

46. As a result of Defendant's unfair, oppressive, and abusive conduct in connection with its debt collection activity, Plaintiff has suffered monetary harm, as well as mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair over Defendant's threats and false and misleading representations to

CLASS ACTION COMPLAINT

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1    Plaintiff in violation of the RFDCPA, as alleged in greater detail above.

2  47. This action seeks, among other things, statutory damages, monetary, equitable

3    and injunctive relief; restitution of all amounts illegally retained by Defendant;

4    punitive damages, and disgorgement of all ill-gotten profits from Defendant's

5    wrongdoing alleged herein.

6                **CLASS ACTION ALLEGATIONS**

7  48. Plaintiff realleges and incorporates by reference all of the above paragraphs of

8    this Complaint as though fully stated herein.

9  49. Plaintiff and the members of the Class have all suffered an injury in fact as a

10    result of the Defendant's unlawful conduct.

11  50. Plaintiff brings this action individually and on behalf of all others similarly

12    situated against Defendant, pursuant to Federal Rules of Civil Procedure, Rules

13    23(a), 23(b)(1), 23(b)(2) and 23(b)(3).

14  51. Plaintiff represents and is a member of the two proposed classes ("Class A" and

15    "Class B").

16      <u>**Class A consists of:**</u>

17      All persons in the United States who Defendant presented a
      Promissory Note and Disclosure Statement which included
18      language requiring repayment by means of preauthorized
      automatic clearing house (ACH) or electronic funds
19      transfers (EFT) payments within the four (4) years
20      preceding the filing of the Complaint in this action.

21

22      <u>**Class B consists of:**</u>
      All persons in California who obtained loans from
23      Defendant, for an amount of $2,500 or more, which
      included an annual percentage rate (APR) of interest of
24      90% or higher, within the four (4) years preceding the filing
25      of the Complaint in this action.

26

27

28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

CLASS ACTION COMPLAINT

52. Excluded from the Class are Defendant and any of its officers, directors, and employees. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

53. The "Class Period" means four years prior to the filing of the Complaint in this action.

54. *Ascertainability*. Plaintiff does not know the number of members in each Class, but Plaintiff currently believes that there are thousands, if not more, members of each Class within the United States and in the State of California. Because of the nature of Defendant's services, Defendant must keep detailed and accurate records of payments and servicing in order to accurately and effectively execute a recall if so ordered. Therefore, the members of each Class are ascertainable through Defendant's records and/or Defendant's agents' customer records as well as through public notice. This matter should therefore be certified as a Class Action to assist in the expeditious litigation of this matter.

55. *Numerosity*. The numerosity requirement of Fed. R. Civ. P. Rule 23(a)(1) is satisfied for each aforementioned Class because the members of each Class are so numerous and geographically disbursed that joinder of each Class members is impractical, and the disposition of their claims in a Class Action will provide substantial benefits both to the parties and to the court.

56. *Existence and Predominance of Common Questions of Law and Fact*. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. Common questions of fact and law exist in this matter that predominate over questions that may affect individual Class members. All members of each aforementioned Class have been subject to the same conduct by Defendant and their claims are based on the same standardized business practices of Defendant. The common legal and factual questions include, but are not limited to, the following:

    a) The nature, scope, and operations of the wrongful practices of

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1    Defendant;

2    b) Whether Defendant's loan agreements, lending policies, and practices

3    violate the Electronic Funds Transfer Act (EFTA);

4    c) Whether Plaintiff and the Class are entitled to the remedies provided

5    under the EFTA;

6    d) Whether Defendant violated the RFDCPA as described herein;

7    e) Whether Plaintiff and the Class are entitled to the remedies provided

8    under the RFDCPA;

9    f) Whether Defendant's loan agreements, lending policies, and practices

10   are procedurally and/or substantively unconscionable, and therefore

11   violate Cal. Civ. Code § 1670.5, Financial Code § 22302, and the UCL;

12   g) Whether Defendant engaged in a course of unfair, unlawful, fraudulent,

13   and/or pernicious conduct with regard to its loan agreements, lending

14   policies, and practices;

15   h) Whether Defendant knew or should have known that its Defendant's

16   loan agreements, lending policies, and practices were unfair, and/or

17   unlawful;

18   i) Whether Plaintiff and the Class are entitled to the remedies provided

19   under the UCL;

20   j) Whether Defendant violated the CLRA;

21   k) Whether Plaintiff and the Class are entitled to the remedies provided

22   under the CLRA;

23   l) Whether Defendant owed a duty of care to Plaintiff and the Class;

24   m) Whether Defendant breached a duty of care owed to Plaintiff and the

25   Class;

26   n) Whether Defendant harmed Plaintiff and the Class;

27   o) Whether Defendant was unjustly enriched by its unlawful and unfair

28   business practices;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

p) Whether Plaintiff and the Class are entitled to statutory damages;

q) Whether Plaintiff and the Class are entitled to restitution;

r) Whether Plaintiff and the Class are entitled to injunctive relief;

s) Whether Plaintiff and the Class are entitled to punitive damages; and

t) Whether Plaintiff and the Class are entitled to any other remedies.

57. ***Typicality***. As a person who was wrongfully charged an unnecessary fee by Defendant or its representatives, Plaintiff is asserting claims that are typical of the Class. Plaintiff's claims involve the same violations of law by Defendant as other Class members' claims.  Plaintiff and members of the Class also sustained damages arising out of Defendant's common course of conduct complained herein. Accordingly, Plaintiff satisfies the "typicality" requirement of Fed. R. Civ. P., Rule 23(a)(3) with respect to the Class.

58. ***Adequacy of Representation***. Plaintiff will fairly and adequately represent and protect the interests of other members of the Class in that Plaintiff has no interests antagonistic to any member of the Class. Further, Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the consumer laws, and specifically violations of the California Business and Professions Code. Thus, Fed. R. Civ. P., Rule 23(a)(4) is satisfied.

59. ***Superiority***. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and court system and the issues raised by this action. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive

litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable.

60. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to engage in unlawful and misleading business practices, and members of the Class will continue to be misled, harmed, and denied their rights under applicable Federal and California law.

61. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

## COUNT I

## VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT

## 15 U.S.C. §§ 1693, *ET SEQ.* (EFTA)

62. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. § 1693a(3).

64. Defendant has engaged and continues to engage in the business practice of conditioning the extension of credit, such as the loans at issue herein, on the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

customer's authorization to make payments by preauthorized electronic fund transfers from the customer's bank account.

65. Section 1693k(1) of EFTA provides in pertinent part that "[n]o person may . . . condition the extension of credit to a consumer on such consumer's repayment by means of preauthorized electronic fund transfers."

66. Defendant's practice of conditioning the extension of credit to consumers on the consumer's preauthorization of electronic debiting payments falls under the plain language of this provision of EFTA, violates Plaintiff and similarly situated consumers' right to their choice of means of repayment in alternative to preauthorized EFT payments, and caused Plaintiff and similarly situated consumers to be exposed to the risks and harm associated with EFT payments.

67. In addition, Defendant routinely engages in the business practice of making unauthorized electronic funds transfers (EFTs), as defined under § 1693a(12), by initiating EFTs from Plaintiff and similarly situated consumers' accounts on varied days of the month, different than the due date stated by Defendant in Plaintiff and similarly situated consumers' Promissory Note.

68. As a direct and proximate result of these violations, Plaintiff was and continues to be damaged in an amount according to proof, including, without limitation, statutory damages and actual damages, such as payments of NSF fees, late ffees, interest and other charges collected by Defendant, and emotion distress damages.

69. Pursuant to 15 U.S.C. § 1693m of the EFTA, Plaintiff and the Class are entitled to recover actual damages sustained as a result of these EFTA violations, statutory damages, and attorney's fees and costs

## COUNT II
## VIOLATIONS OF THE ROSENTHAL ACT
## CAL. CIV. CODE §§ 1788, *ET SEQ.*

70. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

71. The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("Rosenthal Act" or "RFDCPA"), prohibits unfair and deceptive acts and practices in connection with the collection of consumer debts.

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

74. As a result of each and every violation of the RFDCPA, Plaintiff and each member of the Class is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages of up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs of litigation pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## COUNT III

## VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
## CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

75. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76. Plaintiff and Defendant are each "person(s)" as that term is defined by Cal. Bus. & Prof. Code § 17201. Cal. Bus & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

77. Cal. Bus. & Prof. Code § 17204, a provision of the UCL, confers standing to prosecute actions for relief not only on the public officials named therein, but on private individuals, i.e., "any person acting for the interests of itself, its members or the general public." Thus, a private Plaintiff who has suffered a financial injury may sue to obtain relief for others.

78. "Unfair competition" is defined by Cal. Bus. & Prof. Code § 17200. The term "unfair competition" encompasses several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

(3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others, and their remedies are cumulative of each other as well as those available under all other laws. *See* Cal. Bus. & Prof. Code § 17205.

79. An "injunction" is "the primary form of relief available under the UCL to protect consumers from unfair business practices." *In re Tobacco II Cases*, 46 Cal. 4th 298, 319 (2009); *see also Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 789 (2010) ("[i]f a party has standing under" the UCL, "it may seek injunctive relief").

80. By and through Defendant's conduct alleged in further detail hereinabove and hereinbelow, Defendant is liable to the Plaintiff and the Class for violations of the UCL's "unlawful" prong and its "unfair" prong.

### A. *"Unlawful" Prong*

81. As a result of Defendant's acts and practices described herein, Defendant has violated the UCL, which provides a cause of action for an "unlawful" business act or practice perpetrated on consumers.

82. By knowingly and intentionally issuing loans at interest rates that are unconscionable, and objectively unreasonable, Defendant has routinely engaged in unlawful business practices in violation of Federal and California state laws governing lending practices in California, including, but not limited to, the EFTA, the RFDPCA, the California Financial Code, and incorporated California Civil Code § 1670.5, and California's Consumer Legal Remedies Act ("CLRA").

83. Defendant's conduct and lending practices constitute violations of Cal. Fin. Code § 22303, which incorporates California's unconscionability statute. *See* Cal. Civ. Code § 1670.5(a) (courts may "limit the application of any unconscionable clause as to avoid any unconscionable result"); *De La Torre v. Cashcall Inc.*, No. S241434, 2018 Cal. LEXIS 5749, at *43 (Aug. 13, 2018).

84. Because Defendant's business entailed violations of both Cal. Fin. Code § 22303

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

and/or Cal. Civ. Code § 1670.5, Defendant violated California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq*., which provides a cause of action for an "unlawful" business act or practice perpetrated on consumers. *See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal.4th 163, 180 (1999)

85. Moreover, Defendant's violations of the EFTA, the RFDCPA, the California Financial Code, Civil Code § 1670.5, and the CLRA, as described in further detail above and below, also trigger liability under the UCL's "unlawful" prong.

86. Defendant had other reasonably available alternatives to further its legitimate business interests, other than the conduct described herein.

87. Plaintiff suffered actual financial injury in that Plaintiff's payments made to Defendant were for amounts much higher than they would have been but for Defendant's unlawful interest rates, late fees, and NSF fees charged to Plaintiff as a result of Defendant's above-described loan agreements, lending policies, and practices.

88. Plaintiff seeks public injunctive relief to benefit the general public directly by bringing an end to Defendant's unlawful business practices that are currently causing damages and continue to threaten future injury to the general public.

## B. *"Unfair" Prong*

89. Defendant's actions and business practices constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

90. Without limitation, the business practices described herein are "unfair" and "shock the conscience" because they offend established public policy, violate California statutory protections, and are objectively immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that

Defendant's conduct caused Plaintiff and the Class Members to incur never-ending debts as a result of an unlawfully, unreasonably, and unconscionably charged interest rate.

91. The excessively high APR sought to be collected by or actually charged by Defendant have caused and will continue to cause Plaintiff the general public harm.

92. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Cal. Bus. & Prof. Code §§ 1700, *et seq*., as alleged in further detail hereinabove and hereinbelow.

93. Despite Defendant's representation that it complies with all federal, state, and municipal laws and regulations to ensure that it meets consumer lending needs, Defendant enters into loan agreements that require an unconscionable interest rate of over 90% in violation of California law.

94. Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in unfair lending and business practices, as alleged above, wherein: (1) the injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was not of the kind that consumers themselves could not have reasonably avoided.

95. Plaintiff seeks public injunctive relief to benefit the general public directly by bringing an end to Defendant's unfair business practices that threaten future injury to the general public. Specifically, an injunction requiring Defendant to immediately cease entering into loan agreements with an APR in excess of 90% would benefit the public at large because the public then would not be charged an unconscionable APR by Defendant that continues the lifespan of their loans throughout perpetuity.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**COUNT IV**

**VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT**

**CAL. CIV. CODE §§ 1750, *ET SEQ*. (CLRA)**

96. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

97. California Civil Code §§ 1750 *et seq*., entitled the Consumers Legal Remedies Act ("CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

98. Defendant's loans constitute "services" as defined pursuant to Civil Code Section 1761(a).

99. Plaintiff, and the Class members, are each a "consumer" as defined pursuant to Civil Code § 1761(d).

100. Each of Plaintiff's and the Class members' loans from Defendant constituted a "transaction" as defined pursuant to Civil Code Section 1761(e).

101. By conditioning the extension of credit, to Plaintiff and similarly situated consumers, on repayment by means of preauthorized electronic transfers in violation of 15 U.S.C. § 1693k(1)

102. By including an unconscionably high interest rate in the Promissory Notes presented to Plaintiff and similarly situated consumers, Defendant violated Civil Code § 1770(a)(19) which provides that it is unlawful to "[i]nsert[] an unconscionable provision in [a] contract."

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

103.   In addition, by advertising, offering, or selling loans that contain unlawful terms and are illegal under California and/or federal law, Defendant violated Civil Code § 1770(a)(26), which provides that it is unlawful to advertise, over for sale, or sell a financial product that is illegal under state or federal law.

104.   On information and belief, Defendant's violations of the CLRA set forth herein were done with awareness of the fact that the conduct alleged was wrongful under California law and was motivated solely for Defendant's self-interest, pecuniary gain and increased profits.

105.   Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge for Defendant's own benefit.

106.   Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant, as a result of Defendant's conduct alleged herein.

107.   As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the Class are entitled to a declaration that Defendant violated the CLRA.

108.   Plaintiff and the Class are also entitled to and do seek injunctive relief prohibiting such conduct in the future and to recover money damages.

## COUNT V

## NEGLIGENCE

109.   Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

110.   Plaintiff believes and thereon alleges that Defendant owed various duties to Plaintiff and to the Class pursuant to the EFTA, the California Financial Code, Cal. Civ. Code § 1670.5, the UCL, and the CLRA.

111.   Specifically, Defendant owed a duty to Plaintiff and the Class with regard to its manner of lending practices and their effects on consumers.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

112. Defendant breached Defendant's duties by engaging in the acts described herein, each in violation of the statutes at issue herein.

113. Plaintiff asserts that Defendant is the actual and legal cause of Plaintiff's and the similarly situated persons' injuries.

114. Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered injury.

115. Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's duties in an oppressive, malicious, despicable, gross, and wantonly negligent manner. As such, said conduct establishes Defendant's conscious disregard for the rights of Plaintiff and the Class, and entitles Plaintiff to recover punitive damages from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

- That the Court determine that this action may be maintained as a Class Action by certifying this case as a Class Action;

- That the Court certify Plaintiff to serve as the Class representative for both classes in this matter;

- That Plaintiff's counsel be appointed as Class Counsel

- That Defendant be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable laws;

- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection statutory claims asserted herein;

### COUNT I
### VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT (EFTA)
### 15 U.S.C. §§ 1693, ET SEQ.

- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A) for Plaintiff and each

member of the Class;

- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);
- General and special damages in an amount to proven at trial;
- Punitive damages in an amount to proven at trial; and
- Any other relief this Court deems just and proper.

### COUNT II
### VIOLATION OF ROSENTHAL ACT (RFDCPA)
### CAL. CIV. CODE §§ 1788, ET SEQ.

- An award of actual damages pursuant actual damages pursuant to Cal. Civ. Code § 1788.30(a) for Plaintiff and each member of the Class;
- An award of statutory damages of up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) for Plaintiff and each member of the Class;
- An award of reasonable attorney's fees and costs of litigation pursuant to Cal. Civ. Code § 1788.30(c) to be paid by Defendant; and
- Any other relief this Court deems just and proper.

### COUNT III
### VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE (UCL)
### BUS. & PROF. CODE §§17200, ET SEQ.

- That Plaintiff and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched, plus actual damages, punitive damages, and statutory damages;
- That Defendant be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable laws;
- That Plaintiff and each of the other members of the class recover their costs of suit, including reasonable attorneys' fees and expenses pursuant to California Code of Civil Procedure § 1021.5;
- That Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper;

CLASS ACTION COMPLAINT

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

<div align="center" class="sidebar">KAZEROUNI LAW GROUP, APC<br>245 FISCHER AVENUE, SUITE D1<br>COSTA MESA, CA 92626</div>

## COUNT IV
### VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT
### CAL. CIV. CODE §§ 1750, ET SEQ.

- That Defendant be enjoined from continuing the wrongful conduct alleged herein pursuant to Cal. Civ. Code § 1782(d) and required to comply with all applicable laws;

- That Plaintiff and each of the other members of the Class recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law

- That Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

## COUNT V
### NEGLIGENCE

- Compensatory and general damages in an amount to proven at trial;

- Punitive damages in an amount to proven at trial;

- Post-judgment interest

- Costs of suit incurred herein and attorney fees under applicable law; and

- Any other relief this Court deems just and proper.

### TRIAL BY JURY

16. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 15, 2019                    Respectfully submitted,

                              **KAZEROUNI LAW GROUP, APC**


                              By:    _s/ Abbas Kazerounian_
                                     ABBAS KAZEROUNIAN, ESQ.
                                     MONA AMINI, ESQ.
                                     *Attorneys for Plaintiff*